Joseph J. Ybarra (SBN 218130)
HALPERN MAY YBARRA GELBERG LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071-2604
Telephone: (213) 402-1900
Email: joseph.ybarra@halpernmay.com

Attorney for Defendants
McCarter & English, LLP;
Lori J. Shyavitz; David R. Burns

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division – Los Angeles**

ACI INTERNATIONAL, a California corporation,

Plaintiff,

v.

McCARTER & ENGLISH, LLP, a New Jersey limited liability partnership; LORI J. SHYAVITZ, an individual; DAVID R. BURNS, an individual; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 2:24-cv-09460-SSC

**ANSWER TO COMPLAINT OF DEFENDANTS MCCARTER & ENGLISH LLP, LORI J. SHYAVITZ, AND DAVID R. BURNS**

Trial Date: Not yet set

Defendants McCarter & English, LLP ("M&E"), Lori J. Shyavitz ("Shyavitz"), and David R. Burns ("Burns") (collectively, "Defendants") hereby submit their Answer to the Complaint filed by plaintiff ACI International ("ACI" or "Plaintiff"). Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint. Defendants further answer the specific allegations, paragraph-by-paragraph, as follows:

1. In response to Paragraph 1 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

2. In response to Paragraph 2 of the COMPLAINT, Defendants admit that M&E is a limited liability partnership organized under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. Defendants further admit that M&E has 12 offices, none in California, and currently is comprised of more than 400 attorneys.

3. In response to Paragraph 3 of the COMPLAINT, Defendants admit that Shyavitz is a partner in M&E and based out of the firm's Boston office. Defendants further admit that Shyavitz resides in the Commonwealth of Massachusetts.

4. In response to Paragraph 4 of the COMPLAINT, Defendants admit that Burns is a partner in M&E and based out of the firm's Boston office. Defendants further admit that Burns resides in the Commonwealth of Massachusetts.

5. In response to Paragraph 5 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate, and on that basis, deny the factual contentions in this paragraph.

6. In response to Paragraph 6 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate, and on that basis, deny the factual contentions in this paragraph.

7. In response to Paragraph 7 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate, and on that basis, deny the factual contentions in this paragraph.

8. In response to Paragraph 8 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate, and on that basis, deny the factual contentions in this paragraph.

9. In response to Paragraph 9 of the COMPLAINT, Defendants admit that Plaintiff is based in Los Angeles, California. Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate, and on that basis, deny the factual contentions in this paragraph.

10. In response to Paragraph 10 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate, and on that basis, deny the factual contentions in this paragraph. Defendants admit that M&E and Plaintiff entered into a written contract for legal representation but otherwise deny the factual contentions in this paragraph.

11. In response to Paragraph 11 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

12. In response to Paragraph 12 of the COMPLAINT, Defendants admit that M&E entered into a written engagement agreement with Plaintiff that was signed by Plaintiff with a date of January 17, 2013. Defendants admit that M&E's written engagement agreement with Plaintiff is attached as Exhibit 1 to the Complaint.

13. In response to Paragraph 13 of the COMPLAINT, Defendants respond that the written engagement agreement speaks for itself as to its terms.

14. In response to Paragraph 14 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the allegation because the allegation does not specify what time frame is at issue. On that basis, Defendants

deny the factual contentions in this paragraph.

15. In response to Paragraph 15 of the COMPLAINT, Defendants respond that the written engagement agreement speaks for itself as to its terms.

16. In response to Paragraph 16 of the COMPLAINT, Defendants admit that, with respect to certain shoes created by Plaintiff, Defendants conducted a specified review of intellectual property, patent, trademark, and/or trade dress issues relating to those shoes, and the results of those specified reviews were set forth in written correspondence sent to Plaintiff. The content of that correspondence is set forth expressly in the letters themselves. Defendants deny the characterization of the contents of that correspondence made in paragraph 16 of the COMPLAINT.

17. In response to Paragraph 17 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

18. In response to Paragraph 18 of the COMPLAINT, Defendants admit that Vans sent a Cease and Desist letter to Walmart in or around March 2021. That letter speaks for itself as to its contents. With respect to whether the letter demanded that Walmart stop selling the "Relevant Shoes," Defendants respond that they lack sufficient information to admit or deny the allegation because the term "Relevant Shoes" is not clearly defined. On that basis, Defendants deny the factual contentions in this paragraph.

19. In response to Paragraph 19 of the COMPLAINT, Defendants admit that M&E received from Walmart a copy of a March 2021 cease and desist letter sent by Vans to Walmart. As to the remainder of the allegations in the paragraph, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

20. In response to Paragraph 20 of the COMPLAINT, Defendants admit that Vans filed a lawsuit against Walmart and other defendants on or about November 15, 2021 that was styled as *Vans, Inc. et al. v. Walmart, Inc., et al.*,

Central District Case No. 8:21-cv-01876.

21. In response to Paragraph 21 of the COMPLAINT, Defendants respond that the Complaint filed by Vans speaks for itself as to its contents. Defendants admit that the Complaint filed by Vans contained the referenced causes of action.

22. In response to Paragraph 22 of the COMPLAINT, Defendants admit that the trial court granted Vans's motion for preliminary injunction on or about March 31, 2022 in the action styled as *Vans, Inc. et al. v. Walmart, Inc., et al.*, Central District Case No. 8:21-cv-01876.

23. In response to Paragraph 23 of the COMPLAINT, Defendants admit that, on or about November 8, 2022, Vans and VF Outdoor, LLC filed a First Amended Complaint in the action styled as *Vans, Inc. et al. v. Walmart, Inc., et al.*, Central District Case No. 8:21-cv-01876. The First Amendment Complaint speaks for itself as to its contents.

24. In response to Paragraph 24 of the COMPLAINT, Defendants respond that the First Amended Complaint speaks for itself as to its contents.

25. In response to Paragraph 25 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

26. In response to Paragraph 26 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

27. In response to Paragraph 27 of the COMPLAINT, Defendants admit that, in correspondence dated February 21, 2024, Plaintiff requested its client file from M&E.

28. In response to Paragraph 28 of the COMPLAINT, Defendants deny the factual contentions in this paragraph.

**FIRST CAUSE OF ACTION**

**(Professional Negligence – Against All Defendants)**

29. In response to Paragraph 29 of the COMPLAINT, Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 28 of the COMPLAINT as if fully set forth herein.

30. In response to Paragraph 30 of the COMPLAINT, Defendants admit that it represented Plaintiff at certain specified times on certain specified matters. Because Paragraph 30 of the COMPLAINT does not specify the dates or subject matters of the representation, Defendants respond that they lack sufficient information to admit or deny the allegation and, on that basis, deny the factual contentions in this paragraph.

31. In response to Paragraph 31 of the COMPLAINT, Defendants admit that, with respect to certain shoes created by Plaintiff, Defendants conducted a specified review of certain intellectual property, patent, trademark, and/or trade dress issues relating to those shoes, and the results of those specified reviews were set forth in written correspondence sent to Plaintiff. The content of that correspondence is set forth expressly in the letters themselves. Defendants deny the characterization of the contents of that correspondence made in paragraph 31 of the COMPLAINT.

32. In response to Paragraph 32 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph.

33. In response to Paragraph 33 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. To the extent the paragraph makes any factual allegations, Defendants deny the allegations.

34. In response to Paragraph 34 of the COMPLAINT, Defendants respond

that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. To the extent the paragraph makes any factual allegations, Defendants deny the allegations.

35. In response to Paragraph 35 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the contention and, on that basis, deny the factual contention in this paragraph.

36. In response to Paragraph 36 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the contention and, on that basis, deny the factual contention in this paragraph.

37. In response to Paragraph 37 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the contention and, on that basis, deny the factual contention in this paragraph.

38. In response to Paragraph 38 of the COMPLAINT, Defendants deny that they were negligent or that Plaintiffs suffered any damages from any alleged act or omission of Defendants.

## **SECOND CAUSE OF ACTION**

### **(Breach of Fiduciary Duty – Against All Defendants)**

39. In response to Paragraph 39 of the COMPLAINT, Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 38 of the COMPLAINT as if fully set forth herein..

40. In response to Paragraph 40 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph.

41. In response to Paragraph 41 of the COMPLAINT, Defendants deny that they breached any fiduciary duties that Defendants owed to Plaintiff.

42. In response to Paragraph 42 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is

appropriate and, on that basis, deny the factual contentions in this paragraph.

43. In response to Paragraph 43 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. To the extent there are any factual allegations in Paragraph 43 of the COMPLAINT, Defendants deny them.

44. In response to Paragraph 44 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. Defendants deny that Plaintiff suffered any harm on account of any alleged act or omission of Defendants.

45. In response to Paragraph 45 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph.

46. In response to Paragraph 46 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. Defendants deny that Plaintiff suffered any harm on account of any alleged act or omission of Defendants.

## THIRD CAUSE OF ACTION

**(Unfair Business Practices – Cal. Bus. & Prof. C. § 17200, et seq.)**

47. In response to Paragraph 47 of the COMPLAINT, Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 46 of the COMPLAINT as if fully set forth herein.

48. In response to Paragraph 48 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. To the extent there are any factual allegations in Paragraph 48, Defendants deny them.

49. In response to Paragraph 49 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph.

50. In response to Paragraph 50 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph.

## FOURTH CAUSE OF ACTION

**(Breach of Written Contract – Against McCarter)**

51. In response to Paragraph 51 of the COMPLAINT, Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 50 of the COMPLAINT as if fully set forth herein.

52. In response to Paragraph 52 of the COMPLAINT, Defendants admit that Plaintiff and M&E entered into a written engagement agreement dated on or about January 17, 2013.

53. In response to Paragraph 53 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph.

54. In response to Paragraph 54 of the COMPLAINT, Defendants respond that they lack sufficient information to admit or deny the contention and, on that basis, deny the factual contention in this paragraph.

55. In response to Paragraph 55 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. To the extent there are any factual allegations in Paragraph 55, Defendants deny them.

56. In response to Paragraph 56 of the COMPLAINT, Defendants respond that this paragraph is a legal contention to which no factual admission or denial is appropriate and, on that basis, deny the factual contentions in this paragraph. To the extent there are any factual allegations in Paragraph 56, Defendants deny them.

Defendants specifically deny that Plaintiff has suffered any damages on account of any alleged act or omission of Defendants.

**DEMAND FOR JURY TRIAL**

57. No response is required.

**PRAYER FOR RELIEF**

58. Defendants do not believe that any response is required to Plaintiff's Prayer for Relief but, in an abundance of caution, deny any factual allegations contained therein.

**AFFIRMATIVE DEFENSES**

Defendants state the following as and for separate affirmative defenses to the Complaint and the causes of action alleged therein.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Claim)**

1. The causes of action fail, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

2. The causes of action are barred, in whole or in part, by the applicable statutes of limitations and the doctrine of laches, including, without limitation, Code of Civil Procedure section 340.6.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

3. The causes of action are barred, in whole or in part, by waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4. The causes of action are barred, in whole or in part, by estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. Plaintiff has unclean hands with respect to the acts and omissions in matters alleged in the Complaint and accordingly is not entitled to relief by reason of such unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

6. Plaintiff has failed to mitigate, or reasonably attempt to mitigate, damages, if any, as required by law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Implied Consent/ Consent)**

7. The causes of action are barred, in whole or in part, by the doctrine of implied consent and/or consent.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Ratification)**

8. The causes of action are barred, in whole or in part, by Plaintiff's ratification in that, inter alia, Plaintiff has acted in such a fashion as to have acquiesced in, or to have reasonably appeared to acquiesce in, the alleged conduct; and, conversely, Plaintiff has failed promptly to take issue with the alleged conduct.

**NINTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

9. The alleged damages, if any, were caused by Plaintiff's own actions or the actions of persons or entities over which Defendants had no control, or were otherwise not proximately caused by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

10. Recovery of damages is barred because of Plaintiff's own acts of

carelessness, negligence and/or other fault, and further, that such carelessness, negligence and/or other fault proximately contributed to the alleged damages complained of, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative and Contributory Negligence of Third Parties)**

11. The negligence and/or intentional misconduct of persons or entities other than Defendants proximately caused and/or were a substantial factor in any and all injuries or damages alleged by Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Apportionment of Fault)**

12. The injuries allegedly sustained, in whole or in part, were the direct and proximate result of the acts, omissions, negligence or wrongdoing of other persons or entities such that these other persons or entities (including, without limitation, Plaintiff) are principally, primarily or solely responsible for the alleged injuries. Defendants' liability, if any, should therefore be apportioned, denied or reduced with the degree of fault attributable to said other persons or entities.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Damages Are Speculative)**

13. Plaintiff's damages, losses or injuries, if any, allegedly suffered are impermissibly remote, uncertain, and speculative. The claims of damages cannot be determined with the degree of certainty required by law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

14. At all relevant times, Defendants were acting in good faith and in the good faith belief that its conduct and the relevant conduct of others were permissible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

15. The damages sought would result in Plaintiff receiving amounts to which Plaintiff is not entitled and would result in unjust enrichment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

16. Plaintiff is barred from recovering, either in whole or in part, because Plaintiff lacks standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Superseding Event)**

17. Plaintiff's claims are barred, in whole or in part, because the claimed damages were caused by a superseding or intervening event.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Set-Off)**

18. Defendants are entitled to a set-off of any and all sums owed to them by Plaintiff against any sum deemed to be owed to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights to Assert Additional Defenses)**

19. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendants further reserve the right to amend their Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief requested in the Prayer for Relief, or any relief at all, as to Defendants.

THEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That the Court enter judgment for Defendants as to all causes of action asserted against them in the Complaint;
3. That the Complaint be dismissed, in its entirety, with prejudice;
4. For Defendants' attorneys' fees and costs as allowed by the Court; and
5. For all other relief that the Court deems just and proper.

DATED: November 8, 2024

HALPERN MAY YBARRA GELBERG LLP

By: /s/ Joseph J. Ybarra
JOSEPH J. YBARRA

Attorney for Defendants McCarter & English, LLP; Lori J. Shyavitz; David R. Burns